IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIUS EVANS, #93874,** | ) |
| **KADEEM NOLAND,** | ) |
| **TROY LACEY,** | ) |
| **MARIO MENDOZA,** | ) |
| **EARL BARBER,** | ) |
| **MARVIN TREADWAY,** | ) |
| **OTIS HARRIS,** | ) |
| **FRED WILLIAMS,** | ) |
| **KEITH SANDERS,** | ) |
| **MICHAEL FOOTS,** | ) |
| **RONNIE JACKSON,** | ) |
| **MARKELL TAYLOR,** | ) |
| and **CHARLTON K. MERCHANT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 21-cv-00905-JPG |
| | ) |
| **KRISTOPHER THARP** | ) |
| and **PAUL SARHAGE,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This case was opened on August 11, 2021, when the Court received a Complaint signed by thirteen inmates who are housed together in South B-block of Madison County Jail ("Jail"). (Doc. 1). Together, they seek to bring a class action lawsuit pursuant to 42 U.S.C. § 1983 to address the conditions of their confinement at the Jail. (*Id*. at 6). More specifically, Plaintiffs challenge their punishment with a 30-day lockdown and related restrictions arising from false disciplinary charges.[1] (*Id*.). They request monetary relief. (*Id*. at 7).

---

[1] Plaintiffs claim they were punished when an officer smelled smoke. Without notice or a hearing, the inmates were placed on lockdown and denied commissary, hygiene supplies, and legal supplies. (*Id*.).

1

Before the plaintiffs can proceed any further with their claims, the Court will address several preliminary matters. This includes each plaintiff's obligation to pay the filing fee for this action, the group's request to proceed with a class action, and the joinder of the plaintiffs' claims in a single suit.

A.   **Filing Fee**

Plaintiffs commenced this action without prepaying a filing fee and without filing a motion for leave to proceed *in forma pauperis* ("IFP motion"). Each plaintiff incurred the obligation to pay a $402.00 filing fee[2] for this action at the time this case was opened. *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). They cannot avoid the obligation by filing a single complaint naming all thirteen plaintiffs. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (a prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff"). Each plaintiff must either prepay the full filing fee of $402.00 or file a properly completed IFP motion by the court-imposed deadline of September 10, 2021. (Docs. 3 and 4). Any plaintiff who fails to do so shall be dismissed. *Id*. The only way to avoid this obligation is to request voluntary dismissal, in writing, on or before the court-imposed deadline for doing so.

B.   **Class Action**

In the Complaint, Plaintiffs indicate that they would like to proceed with a class action. (Doc. 1, pp. 1, 6-8). However, they did not file a motion seeking class certification. Until certification is granted, there is no class action; there is merely the possibility of one. *Morland v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002). The only action is this suit brought by multiple plaintiffs. *Id*.

---

[2] The Court initially indicated that the filing fee was $400.00 (*see* Doc. 3) before clarifying that the filing and docketing fee is actually $402.00 (*see* Doc. 4).

Even if the Court construes the Complaint as including a motion for class certification, the motion is subject to denial. This is because all thirteen plaintiffs are proceeding *pro se*, and a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See* FED. R. CIV. P. 11; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (*pro se* prisoner plaintiff cannot represent other plaintiffs). Accordingly, the Court construes the Complaint as being brought by thirteen separate plaintiffs.

**C.     Joinder**

The Court next turns to the issue of joinder. In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties of administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. *Id*. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." If the requirements for permissive joinder are satisfied, complaints filed by multiple plaintiffs can proceed together in the same action. *See Boriboune*, 391 F.3d at 855; FED. R. CIV. P. 20.

Even where the requirements for permissive joinder are satisfied, a district court may turn to other civil rules to manage a multi-plaintiff case. At any time, a district court may sever claims, add or drop parties, order separate trials, or issue pretrial orders. *Boriboune*, 391 F.3d at 854 (citing FED. R. CIV. P. 16, 20(b), 21, 42(b)). When making such decisions, district courts are accorded broad discretion. *Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001). The Seventh Circuit has stated, "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of

a party will comport with the principles of fundamental fairness" or create "prejudice, expense or delay." *Id*. (quotations and citations omitted).

The basic requirements for permissive joinder are satisfied. The question here is not whether the Court should accept the Complaint because the Court has already accepted it. The question is whether the plaintiffs should proceed together in a single action or separately in their own suits. Other relevant factors way in favor of separate suits for each plaintiff.

Different legal standards likely control each litigant's claims. The applicable legal standard for claims based on false disciplinary charges and unconstitutional conditions of confinement depends on each plaintiff's legal status at the time the claims arose. Because the plaintiffs were housed at a jail during the relevant time period, they could have been arrestees, pretrial detainees, or convicted persons. Under the circumstances, the Court would be required to apply different legal standards to the same claims based on each plaintiff's legal status, creating unnecessary confusion for these *pro se* litigants for the duration of this multi-plaintiff action.

Different facts support each of the plaintiff's claims. For example, a claim based on the denial of court access requires a showing that some "non-frivolous legal claim . . . was frustrated or impeded" by the defendants. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (articulating two-part test for access-to-courts claim). The facts necessary to sustain this claim are specific to each individual plaintiff.

Affirmative defenses may result in vastly inconsistent litigation timelines. The Prison Litigation Reform Act requires each plaintiff to exhaust available administrative remedies before bringing suit. *See* 42 U.S.C. § 1997e(a); *Hunter v. Allen Cty. Jail,* No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *2 (N.D. Ind. Nov. 23, 2020) (noting that each plaintiff "must separately exhaust every one of the claims he is bringing before filing suit" even if the plaintiffs have similar

claims). Defendants may raise exhaustion as an affirmative defense for some plaintiffs and not others, requiring separate tracks and evidentiary hearings before the case can proceed to the merits. Moreover, the facts necessary to defeat summary judgment on exhaustion are specific to each plaintiff.

Other hurdles to group litigation exist. Plaintiffs cannot sign and file motions on behalf of one another, even if they proceed together in a single suit. *See* FED. R. CIV. P. 11. Although the plaintiffs properly gathered all signatures for the Complaint, it is much easier to do so when initiating an action from the same place of confinement. Plaintiffs are currently housed at Madison County Jail, and they may still be housed on the same cell block. But, inmates frequently move. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) (convicted prisoner can be relocated at any time without notice). As plaintiffs head in different directions—within the same facility, following conviction and transfer, or upon their release from custody—it becomes more difficult to review, sign, and file pleadings together. As the case progresses, it will likely become more difficult to comply with Rule 11.

It is unnecessarily expensive and time-consuming to litigate thirteen sets of claims together in the same action. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are thirteen plaintiffs, the postage and copying costs of filing motions, briefs, or other papers in the case will be thirteen times greater than if there was a single plaintiff. Plaintiffs will incur significant costs serving every document on every party, including those plaintiffs whose signatures are not obtained. *See* FED. R. CIV. P. 5. And, if parties are not served, they will be left in the dark. Delays associated with this process are inevitable as the parties and court navigate their way through an unnecessarily complicated case.

Finally, each plaintiff will be held responsible for knowing what is filed on his behalf. If sanctions are deemed appropriate in any aspect of the case (whether directly or indirectly related to a plaintiff), each plaintiff will be subject to the sanction under Rule 11. Each plaintiff will also incur a strike, if the action is dismissed for one of the reasons stated in 28 U.S.C. § 1915(g).

Given all of this, the Court finds that allowing the plaintiffs to proceed together would result in unnecessary and avoidable confusion, delay, prejudice, and cost. The Court may, at any time, add or drop a party or sever a claim on just terms. *See* FED. R. CIV. P. 21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be properly screened). . . . "). The Court finds that severance is necessary to ensure the "just, speedy, and inexpensive determination" of this case. *See* FED. R. CIV. P. 1. At the same time, severance now does not preclude consolidation later of an issue, a hearing, a trial, or otherwise. *See* FED. R. CIV. P. 42(a). It also does not preclude the plaintiffs from coordinating their efforts. For now, the Court deems it necessary and appropriate to require the plaintiffs to proceed with their claims in separate suits. The Clerk of Court will therefore be directed to open a new lawsuit for each plaintiff.

## Disposition

**IT IS ORDERED** that, for the reasons set forth above, each Plaintiff is required to proceed with his claims in a separate suit. The following Plaintiffs are **DISMISSED** from this matter: **KADEEM NOLAND, TROY LACEY, MARIO MENDOZA, EARL BARBER, MARVIN TREADWAY, OTIS HARRIS, FRED WILLIAMS, KEITH SANDERS, MICHAEL FOOTS, RONNIE JACKSON, MARKELL TAYLOR** and **CHARLTON K. MERCHANT**. The Clerk of Court is **DIRECTED** to **TERMINATE** these plaintiffs as parties to *this action* in CM/ECF.

The Clerk of Court is **DIRECTED** to **OPEN** a separate case for each plaintiff, other than Plaintiff Julius Evans, and file the following documents in each newly-severed case:

1) The Complaint (Doc. 1);
2) This Memorandum and Order Severing Case.

Each Plaintiff will instead be responsible for paying the filing fee for his newly-opened case, and not this action, **unless** he timely advises the Court that he does not wish to proceed with the newly-opened case.

The **only plaintiff remaining in this action** is Plaintiff **JULIUS EVANS**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **JULIUS EVANS, Plaintiff vs. KRISTOPHER THARP** and **PAUL SARHAGE, Defendants.**

Finally, Plaintiff Evans is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/17/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
